UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH JONES,

                  Plaintiff,                          Case No. 09-cv-14374

                                                    Paul D. Borman
v.                                             United States District Judge

ETS STAFFING,

                  Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL,
(2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
(3)  SETTING ASIDE CLERK'S ENTRY OF DEFAULT AND
(4) ORDERING DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S
COMPLAINT ON OR BEFORE FEBRUARY 3, 2011

       This matter is before the Court on Plaintiff's motion for default judgment.  (Dkt. No. 17.)

Defendant has filed a response to the motion for default.  (Dkt. No. 22.)  Upon review of the parties'

papers the Court, pursuant to E.D. Mich. L.R. 7.1(f)(2), finds that oral argument is not necessary.

Accordingly, the hearing scheduled for January 19, 2011 is cancelled.  The Court DENIES

Plaintiff's application for appointment of counsel, DENIES Plaintiff's motion for default judgment,

SETS ASIDE the Clerk's entry of Default and ORDERS Defendant to answer or otherwise respond

to Plaintiff's Complaint on or before February 3, 2011.

## I.      BACKGROUND

       Plaintiff filed her *pro se* Complaint on November 6, 2009 alleging a violation of the Equal

Employment Opportunity Act.  (Dkt. No. 1.)  Plaintiff filed an Application to Proceed Without

Prepayment of Fees (Dkt. No. 2), which the Court originally denied based on a financial affidavit

indicating sufficient funds but subsequently granted (Dkt. No. 8) based on an amended financial

affidavit filed on December 21, 2009 (Dkt. No. 6).[1]  On June 11, 2010, Plaintiff filed a Summons

and Complaint Return of Service indicating her efforts to serve Defendant ETS Staffing, Inc.

("ETS").  (Dkt. No. 12.)  On June 22, 2010, Plaintiff filed a Request for Clerk's Entry of Default

based on ETS's failure to plead or otherwise defend against her Complaint.  (Dkt. No. 13.)  On June

23, 2010 the Clerk entered a default against ETS.  (Dkt. No. 14.)  On October 10, 2010, Plaintiff

filed a motion for entry of judgment of default.  (Dkt. No. 17.)  On November 16, 2010, ETS filed

a response to Plaintiff's motion for default judgment, requesting that the clerk's entry of default

entered on June 22, 2010 be set aside for good cause.  (Dkt. No. 22.)

## II.    STANDARD OF REVIEW

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry

of default for good cause."  Fed.R.Civ.P. 55(c).  The Sixth Circuit has established three factors

relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant

to Rule 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the

defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong,*

*Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992).  While courts consider these

---

[1]Plaintiff also filed an Application for Appointment of Counsel (Dkt. No. 3).  The decision whether to appoint counsel rests within the sound discretion of the district court.  *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).  "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (internal quotation marks and citations omitted). Plaintiff's application for appointment of counsel, which is supported only by Plaintiff's statement as to her financial limitations, does not present such exceptional circumstances.  Plaintiff's Complaint has yet to be answered and the viability of Plaintiff's claims has not been tested.  For these reasons, the Court at this time DENIES Plaintiff's application for appointment of counsel.  (Dkt. No. 3.)

same three factors in evaluating whether to set aside a default judgment under Rule 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *Waifersong*, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment."). "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard*, 796 F.2d at 194.

## III.   ANALYSIS

In the instant case, the relevant factors weigh in favor of denying Plaintiff's motion for entry of default judgment, setting aside the clerk's entry of default and permitting ETS to respond to Plaintiff's Complaint.

### A.   Plaintiff Has Not Properly Served the Defendant ETS

The Summons and Complaint Return of Service filed in this matter indicates that Plaintiff herself attempted to serve the Defendant.  (Dkt. No. 12.)  Fed. R. Civ. P. 4(c)(2) provides: "Any person who is at least 18 years old and not a party may serve a summons and complaint."  In the instant case, Plaintiff's attempt to serve ETS herself directly contravenes this rule.  *Walker v. Pharmaceutical Research and Mfrs. of America, et al.*, 569 F. Supp. 2d 209, 214-215 (D.D.C. 2008) (finding that service of process was defective where plaintiff herself mailed the complaint via certified mail but allowing plaintiff, a pro se litigant, additional time to effect service of process through a third party).  Plaintiff's attempt to serve ETS herself was invalid.

Moreover, Plaintiff's method of service was inadequate.  Fed. R. Civ. P. 4(h) directs that

service on a domestic corporation be made (1) in accordance with state (Michigan) law for service of process or (2) by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)(B). Mich. Ct. R. 2.105(D) allows service on a domestic corporation through delivery of the summons and complaint to a person in charge of an office of the defendant, coupled with registered mailing of the summons and complaint to the principal office of the corporation.

Plaintiff attempted to serve ETS by hand delivering a copy to a Roger Landown at offices located at 30230 John R in Madison Heights. (Dkt. No. 12.) Mr. Lanyon (Landown appears to be a misspelling) is not a managing or general agent of ETS and did not have authority to accept service of process on behalf of ETS. (Def.'s Resp. 3, Ex. D, Affidavit of John C. Cashen.) Moreover, Plaintiff did not also mail a copy to ETS's main office as would have been required under Mich. Ct. R. 2.105(D). (*Id.*) Accordingly, even had Plaintiff attempted service through a third party, service on Mr. Lanyon at the Madison Heights office standing alone would have been ineffective.

### B.    Defendant ETS Appears to Have a Meritorious Defense

It appears to the Court, based on documents filed by Plaintiff in support of her Complaint, as well as documents provided by ETS in response to Plaintiff's motion for default judgment, that Plaintiff, who proceeds under Title VII, 42 U.S.C. § 12117(a), has not filed suit within the ninety (90) period following receipt of her EEOC notice to sue, which is dated August 13, 2007. 42 U.S.C. § 2000e-5(f)(1). "The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

4

Accordingly, it appears, absent the application of equitable tolling, that ETS will have a meritorious defense to Plaintiff's Complaint.  *See also* Def.'s Resp. Ex. 1, Letter from John Cashen to Plaintiff dated October 19, 2010, explaining ETS's defense and seeking a voluntary dismissal.

### C.    Prejudice to Plaintiff

"[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."  *Shepard*, 796 F.2d at 194.  The Court finds no willfulness on the part of ETS in its failure to timely respond to Plaintiff's Complaint and further finds that allowing ETS to respond results in no discernible prejudice to the Plaintiff, who has waited several years since the allegedly offending conduct to file her Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for entry of default judgment (Dkt. No. 17), DENIES Plaintiff's application for appointment of counsel (Dkt. No. 3), SETS ASIDE the Clerk's entry of default (Dkt. No. 14) and ORDERS that Defendant ETS answer or otherwise respond to Plaintiff's Complaint on or before February 3, 2011.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 18, 2011

5

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 18, 2011.

S/Denise Goodine
Case Manager