UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH JONES,

        Plaintiff,                                Case No. 09-cv-14374

                                                            Paul D. Borman
v.                                                      United States District Judge

ETS STAFFING,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim. (Dkt. No. 24.) Plaintiff did not file a response. The Court held a hearing on April 25, 2011, at which Plaintiff appeared and spoke. For the reasons that follow, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's Complaint with prejudice.

### I.    INTRODUCTION AND BACKGROUND

Plaintiff filed her *pro se* Complaint on November 6, 2009 alleging a violation of the Equal Employment Opportunity Act. (Dkt. No. 1.) The Court previously denied Plaintiff's motion for default judgment and set aside a clerk's entry of default against Defendant ETS Staffing ("ETS"), whom Plaintiff had failed to properly serve. (Dkt. No. 23, January 18, 2011 Opinion and Order.) Defendant has now filed a motion to dismiss Plaintiff's Complaint, asserting that Plaintiff filed this action almost two (2) years after receiving her right to sue letter from the Equal Employment Opportunity Center ("EEOC"), well outside the ninety (90) day period in which Plaintiff was permitted to file her discrimination claim.

1

Defendant ETS is a temporary employment agency. Plaintiff was terminated by ETS on December 20, 2006 and on January 10, 2007, she filed a charge of discrimination with the Michigan Civil Rights Commission and the EEOC. (Def.'s Mot. Ex. A, Plaintiff's Charge of Discrimination with the EEOC.) Plaintiff charged in her EEOC complaint that she was sexually harassed while assigned to work as a temporary employee for Futuristic Artwear. She complained that she was forced to listen to the Howard Stern Show continuously while on the job. Her requests to turn the program off were ignored. (*Id*.) Plaintiff also complained that she was discriminated against on the basis of her disability, apparently an inability to lift more than 10 pounds or engage in repetitive lifting. Despite this physical limitation, Plaintiff alleged, ETS repeatedly assigned her to manual labor jobs and refused to assign her to clerical work, which Plaintiff claims she was qualified to perform by her education and experience. (*Id*.)

On June 1, 2007, the Michigan Department of Civil Rights sent Plaintiff a Notice of Disposition and Order of Dismissal, informing her that her claim was dismissed for insufficient evidence. (Def.'s Mot. Ex. B.) On August 13, 2007, the EEOC mailed Plaintiff her Dismissal and Notice of Right to Sue, informing her that any lawsuit she intended to file based on her dismissed claim must be filed within 90 days of her receipt of her Notice. (Def.'s Mot. Ex. C.) The Dismissal and Notice of Right to Sue letter was sent to Plaintiff's PO Box address, Plaintiff's preferred mailing address by specific request. (Dkt. No. 17, Pl.'s Mot. Default, p. 8) (requesting this Court to send all mailings to her PO Box 03524, Detroit, MI 48203.)

Plaintiff filed her lawsuit against ETS in this Court on November 6, 2009, almost two years following receipt of her notice to sue. (Dkt. No. 1, Complaint.) Plaintiff was informed of Defendant's defense to her claims in a letter from counsel, John Cashen, sent shortly after ETS

2

received notice of Plaintiff's filing in this Court. (Dkt. No. 22-2, Def.'s Resp. to Mot. Default Judg., Oct. 19, 2010 Letter from Cashen to Plaintff.) In his letter, Mr. Cashen explained that Plaintiff's lawsuit was not timely filed and provided Plaintiff with all of the relevant documents. Mr. Cashen asked Plaintiff to voluntarily dismiss her lawsuit, which Plaintiff declined to do.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 555 (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

> inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

### III.   ANALYSIS

Plaintiff, who proceeds under Title VII, 42 U.S.C. § 12117(a), has not filed suit within the ninety (90) period following receipt of her EEOC notice to sue, which is dated August 13, 2007. 42 U.S.C. § 2000e-5(f)(1). "The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Museum*, 209 F.3d 552, 557 (6th Cir. 2000). Nor has Plaintiff provided the Court with any basis to excuse her untimely filing or to apply principles of equitable tolling. In fact Plaintiff has failed to provide any written response whatsoever to the instant motion, despite having been mailed notice of Defendant's motion to dismiss at her preferred PO Box address and despite having received notice of the untimeliness of her filing several months ago. Moreover, although she did appear at the hearing on this matter, Plaintiff acknowledged that her lawsuit in this Court was filed well past the deadline for filing such claims, and again offered no justification or excuse for the two-year-plus delay.

### IV.   CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Dismiss (Dkt. No. 24), and DISMISSES Plaintiff's Complaint with prejudice.

IT IS SO ORDERED.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and

**Deborah Jones**
P O Box 03524
Detroit, MI 48203

by U.S. Mail on April 28, 2011.


S/Denise Goodine
Case Manager